## Case No. 11,282.

POPPENHUSEN v. NEW YORK GUTTA PERCHA COMB CO.

[4 Blatchf. 253; 2 Fish. Pat. Cas. 80.] [1]

Circuit Court, S. D. New York. Jan. 4, 1859.

PATENTS—INFRINGEMENT—EQUIVALENT.

Where a defendant in a patent suit was enjoined from the application of tin-foil or its equivalents, during the process of vulcanizing india-rubber, to preserve the form of the material, and subsequently used for that purpose sheets of tin something like roofing tin: Held, that such sheets were not tin-foil or its equivalent.

[This was a motion for an attachment against the defendants, for contempt, in violating the injunction granted in the case of Poppenhusen v. New York Gutta Percha Comb Co. [Case No. 11,281]. The defendants had substituted thin sheets of brass for the sheets of tin-foil previously used, and it was insisted by the complainant

[1] [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The syllabus and opinion are from 4 Blatchf. 253, and the statement is from 2 Fish. Pat. Cas. 80.]

[Conrad Poppenhusen] that this was but an equivalent for the latter substance.] [2]

C. M. Keller and F. B. Cutting, for complainant.
George Gifford and E. W. Stoughton, for defendants.

INGERSOLL, District Judge. In order to determine whether this injunction has been violated, it is necessary to determine what the defendants have been restrained from doing. That is determined by a reference to the opinion of the court [Case No. 11,281] in this suit, on which the injunction was ordered to issue. Previous to that suit, there had been an action at law tried, in which the court put a construction upon a certain patent owned by the plaintiff, and called the Meyer patent, and in which the jury decided that the defendants had infringed upon the rights of the plaintiff secured by that patent. The patent is for the use of tin-foil and its equivalents, and the vulcanization of india-rubber and other vulcanizable gums. The specification of the patent shows that the nature and object of the invention of Meyer was, to give desired forms and shapes to the material commonly known as the hard compound of vulcanizable caoutchouc, by heating, hardening and curing the material, while it is covered by, and in contact with, tin-foil, or similar sheets of other metals. In the specification, the essential means are pointed out by which the patentee obtains this object. He takes a piece of the prepared compound in its green state, and covers it with tin-foil. He then stamps or presses the plastic material into the form desired, stamping or pressing at the same time the sheet of tin-foil, so that it will completely cover, and be in contact with, the gum, and then subjects it to the heating process. It was held upon that trial at law, that the patent granted to the patentee the exclusive right to the use and application of tin-foil, or its equivalents, to the hard compound of india-rubber and gutta-percha, during the process of vulcanization, in the manner described, to preserve and retain, during the process of heating and hardening, the forms and shapes given to the material before the heating process commences, without any other pressure or mould. What was used by the defendants in the infringement complained of, was tin-foil, and nothing else; and the jury found a verdict for the plaintiff. Subsequently, an injunction was issued, to restrain the defendants from the use and application of tin-foil, or its equivalents, to the hard compound of india-rubber and gutta-percha, during the process of vulcanization, in the manner described, to preserve and retain, during the process of heating and hardening, the forms and shapes given to the material before the heating process commen-

[2] [From 2 Fish. Pat. Cas. 80.]

ces, without any other pressure or mould. The injunction was for nothing else.

Since the injunction issued, the defendants have not used or applied tin-foil in the process of vulcanization, as above described. They have, however, used sheets of brass and sheets of tin, something like roofing tin, for that purpose; and it is claimed that the sheets so used are an equivalent for tin-foil, and therefore equally prohibited to be used by the defendants. It is not claimed that all plates or sheets of tin or other metal are an equivalent for tin-foil. The opinion of the court on granting the injunction is against any such claim; for the court say that it had been common, before the patent to Meyer, to place the material between plates of tin or other metal, so that the material would be in close contact with the plates, to preserve its form. It is admitted, that there is a substantial difference between such plates or sheets of metal and tin-foil. But it is claimed that the sheets of brass and tin used by the defendants are an equivalent for tin-foil; that they are substantially like it; that they perform substantially the same office in substantially the same way. They are not rigid. They are somewhat flexible, but not sufficiently flexible to make them an equivalent for tin-foil. They cannot be moulded into any desired shape and form, as tin-foil can. They are like rigid, plain plates or sheets fitted only for plain surfaces. They cannot be said to be tin-foil, or its equivalent; and the defendants were restrained only against the use of tin-foil or its equivalent.

The plaintiff claims that the patent is for the use and application, not only of tin-foil, but also of all sheets of metal which are not rigid. This construction was not put upon the patent, either on the trial at law, or on the application for the injunction. Such construction was not claimed on either of those occasions. The defendants were not restrained from the use and application of tin or other sheets of metal that were not rigid, but only from the use and application of tin-foil or its equivalent. Tin-foil does not include all sheets of metal that are not rigid. If it is to be claimed that the patent is for the use and application of all sheets of metal that are not rigid, the defendants should, if the patent will bear that construction, have an opportunity to show that the use and application of such sheets was not new when the patent was obtained. As yet, no such construction has been put on the patent. To dispose of the motion now before the court, the only proper enquiry is—have the defendants, since the injunction was served upon them, used or applied tin-foil, or its equivalents, in the way they were ordered not to use or apply it?

From the best consideration I have been able to give to the subject, I am not satisfied that the defendants have used either tin-foil or its equivalents. Consequently,

they have not violated the injunction. The motion must, therefore, be denied.

[For other cases involving this patent see note to case No. 11,283.]